**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **VICTOR RODIONOV** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO.  26-3078** |
| | : | |
| **J.L. JAMISON,** *et al.* | : | |
| | : | |

## <u>ORDER</u>

**AND NOW**, this 14th day of May 2026, upon consideration of Victor Rodionov's petition for writ of *habeas corpus* (DI 1), the government's response in opposition thereto (DI 3), and Mr. Rodionov's reply (DI 4), it is hereby **ORDERED** that Mr. Rodionov's petition is **GRANTED** for the following reasons:

1.      Mr. Rodionov is a Russian native who entered the United States in Calexico, California, without inspection, on approximately September 10, 2023.  DI 1 at ¶ 17; DI 3 at 3.

2.      Shortly thereafter, Mr. Rodionov was encountered by Department of Homeland Security (DHS) officers who detained, processed, and initiated removal proceedings against him, but then released him on temporary humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5) after finding that he expressed a credible fear of returning to Russia.  DI 1 at ¶ 18; DI 3 at 8-9.

3.      Mr. Rodionov's parole authorization, issued on October 28, 2023, was valid for one year.  DI 3-3 at 2.

4.      The government asserts that Mr. Rodionov's parole automatically terminated — seemingly in October of 2024 — pointing to the notice authorizing his parole.  DI 3 at 4 (citing DI 3-3 at 2).  Mr. Rodionov asserts that there is no evidence that his parole either terminated or expired, highlighting that the government's contemporaneous arrest document indicates that his

parole was ongoing at the point of his arrest.  DI 4 at 6 (citing DI 3-2 at 3).[1]

5.      In the more than 2.5 years since Mr. Rodionov entered the United States, he has continued to live in the United States, obtained a work permit, maintained employment, and applied for asylum — his application for which remains pending.  DI 1 at ¶ 19.

6.      Mr. Rodionov has complied with all conditions of his removal proceedings and immigration release, attending each hearing and Immigration and Customs Enforcement (ICE) check-in.  *Id.* at ¶ 20.  His next scheduled immigration hearing is September 13, 2027.  *Id.*; DI 1-3 at 2.

7.      On May 5, 2026, ICE officers detained Mr. Rodionov in Philadelphia while he was reporting for a scheduled immigration check-in, charging him under INA sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I).  DI 1 at ¶ 21; DI 3-2 at 3.

8.      The government purports to detain Mr. Rodionov under 8 U.S.C. § 1225(b)(1).  DI 3 at 3-4, 9, 11.

9.      To date, Mr. Rodionov has not received a bond hearing.

10.      Pursuant to our reasoning set forth in our memorandum in *Gagiev v. Rose*, 26-cv-169 (Mar. 9, 2026) (ECF 19), we conclude that Mr. Rodionov — who was paroled into the United States and has lived and developed connections here for more than 2.5 years prior to his detention — is not subject to detention under 8 U.S.C. § 1225.

11.      Rather, the sole basis for detaining Mr. Rodionov is 8 U.S.C. § 1226(a), with respect to which the government has neither (1) asserted as a basis for Mr. Rodionov's

---

[1] Mr. Rodionov's arrest record, dated May 5, 2026, states in the "Encounter" notes that "ICE will be terminating the Subject's parole[.]"  DI 3-2 at 3.

2

detention; nor (2) satisfied the requirements thereof.

12. Accordingly, the government shall **RELEASE** Mr. Rodionov from custody immediately and certify compliance with this order by filing on the docket no later than **5:00 p.m. ET** on Friday, **May 15, 2026**;

13. The government is temporarily enjoined from re-detaining Mr. Rodionov for seven days following his release from custody;

14. If the government chooses to pursue re-detention of Mr. Rodionov after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings; and

15. Pending the ordered bond hearing, the government cannot remove, transfer, or otherwise facilitate the removal of Mr. Rodionov from the Eastern District of Pennsylvania before the ordered bond hearing. If an immigration judge determines that Mr. Rodionov is subject to detention under 8 U.S.C. § 1226(a), the government may request permission from the court to move Mr. Rodionov if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as a proposed destination. We will then determine whether to grant the request and permit transfer of Mr. Rodionov.

MURPHY, J.

3